Curia, per

O’Neall, J.
The 2d, 5th and 6th counts, contain distinct charges of undue preference. A general finding of guilty of undue preference, and not guilty of the other charges, would be too indefinite to justify the court in refusing the prisoner’s application. For it does not ascértain the precise matter which constitutes the bar to the discharge demanded. To do this, is the object of requiring the creditor .to point out his objections to the prisoner’s application, and to file a suggestion setting them out specifically, so that the prisoner may answer them, and an issue of fact be made up to be tried by the jury. The finding of the jury upon such an issue, is in the nature of a special verdict, and if it fails to find a fact necessary to the judgment of the court, or finds the facts so uncertainly, that the judgment, if deliveied upon them, mayor may not be right, it is not a sufficient finding. Here, the finding of the jury, if left on the general verdict of “guilty of undue preference, and not guilty of the other charges,” leaves the matter uncertain as to what undue preference is meant. The judge, therefore, very properly directed that the jury should, by their verdict, designate the count to which their finding applied. The second count was selected, and the *292 finding of guilty of an “undue preference under the 2d count of the suggestion, and not guilty of the other charges,” must now be regarded as the proper verdict.
To this, as the ascertainment of the only facts opposed to the prisoner’s discharge, the consideration of the court will be directed. It sets put a confession of judgment to Bernard, a levy and sale under the execution, (issued under such judgment) of a part of the defendant’s property ; and these facts are alleged to be an undue preference.
The confession of judgment, it is clear, was bona fide, and might be' legally enforced by execution. Such a judgment is no assignment of the debtor’s estate, or any part thereof, to one creditor in preference to another. It is a mere lien on his estate, which, by law, he can legally create, to secure to one creditor or surety an ultimate payment or indemnity, in preference to others. This not being within the words of the prison bounds Act, 7 s. p. 79, 5th Stat. it follows, that it cannot interpose any objection to the prisoner’s discharge. The levy and sale under the execution, being mere incidents accompanying or- following from the judgment, it follows also, that they cannot prejudice the defendant. For the sale under the execution, although made before the debt to the Cald-wells was due, was, perhaps, necessary to raise the funds to pay it; and whether that was so or not, still, when the sale was made, was perfectly immaterial to the plaintiffs. They could not be prejudiced by it. For in no event could they claim any benefit from the defendant’s property, until Bernard’s execution was fully satisfied. So, taking every fact found by the jury, they do not constitute an undue preference; and hence, without going further, the defendant, is clearly entitled to a new trial, or to be discharged.
But as some of the court seem disposed to review the decisions of the court, on the subject of undue preference, and to do so it is necessary to regard the verdict, “guilty of undue preference,” as good, and apply it to the 6th count, which alleges the assignment made by the defendant, under Bernard’s ca. sa. as an undue preference, I have no objection, for the sake of the argument, to meet *293 that view of the case; and so regarding the case, I think the defendant is entitled to a new trial. For I think the first ground of appeal states the law correctly, “that an assignment under the prison bounds Act, is to be presumed to be involuntary, until the contrary appears." In other words, the assignment is tobe regarded as the consequence of the law, until the proof, positive or presumptive, shews that the form of law was resorted to by the defendant to cover up, and thus carry out more safely, his corrupt intention of unduly preferring one creditor to another.
In Walker vs. Briggs, 1 Hill, 126, 130, the previous cases of undue preference were reviewed, and the result stated, in the language of the Judge delivering the opinion, “by an undue preference, I understand such an intentional preferring of oue creditor as may enable him to receive payment, and altogether defeat, delay, or hinder another from being paid." This was substantially declaring that a preference, to be undue, within the meaning of the Act, must be fraudulent. For the words quoted from the opinion are ingredients of a fraud against creditors under the statutes of Elizabeth, and also at common law. This principle was followed out and enforced in Crenshaw vs. Wetsel, 2 Hill, 419. There, the assignment was altogether voluntary, and was of the debtor’s whole estate, and was found by the jury to be fraudulent. In reference to that state of facts, Judge Johnson said, “the true intention of the Act was to exclude from its benefits only such, as in prrfering one, intended to deprive the other of the means of obtaining his debt, or a rateable proportion of the value of his debtor’s property, or the fund in his possession.” This was the reiteration of that which had been previously said in Walker vs. Briggs, in -different words ; and like it, sets out the facts necessary to make the preference fraudulent. The subsequent cases of Smith, Wright & Co. vs. Campbell & Co. Rice, 367; Weed & Fanning et al. vs. Evans, 2 Spears, 232, recited in terms that the preference, to be undue, must be fraudulent. After the subject has undergone so much and so consistent judicial investigation, from 1833 to 1843, it cannot be either necessary or proper to go back to the Act, to give it a fresh construction.
*294 So much for the review of ouf cases on the subject of undue preference. It is now proper to recur to the prisoner’s case, under the assignment to Bernard, to .effect his liberation under the prison bounds Act. That, to affect him, must be voluntary, and have the effect of depriving the plaintiffs of some legal advantage or right. This will be made apparent by looking to Walker vs. Briggs, and considering the circumstances under which the assignment to Cathcart was, in that case, ruled to be voluntary, and an undue preference. The defendant, Briggs, had been in custody under Walker's ca. sa. for nearly a month before Cathcart’s ca. sa. was lodged — he was under no necessity to give it an earlier day than he gave to Walker’s ; notwithstanding that, he applied, assigned, and was discharged under it, before he offered to assign under Walker’s. His assignment there, as here, covered and carried to the assignee choses in action which were not subject to the lien of Cathcart’s ft. fa. which was older than Walker’s; and there, unnecessarily gave to Cathcart a preference, which deprived Walker of the legal advantage and right, which his previous arrest of the defendant gave him, to have, at least, a cotemporaneous assignment with Cathcart. It was held to be an undue or fraudulent preference. In this case, the facts shew that the assignment cannot be legally regarded as voluntary, and hence, not within the rule of Walker vs. Briggs. The defendant was arrested on Bernard’s ca. sa. on the 8th of July; he filed his schedule the same day; and the clerk, as was his duty, published a ten day rule for his discharge on the 19th. On the 9th he was surrendered by his bail in this case, and the ten day rule for his discharge, on the 20th, was properly published by the clerk. When the 19th day came up, the plaintiff in execution, Bernard, had the right to say, make your assignment; and without a word from him, this was the law’s demand from the defendant ; he, accordingly, was legally compelled to make the assignment which he did, and its supposed voluntary character is thus destroyed. But the plaintiffs were deprived of no legal advantage or right; they had no expectation or claim to have a prior or equal assignment with Bernard. *295 According to law, they were postponed one day to him.
The motion for a new trial’is granted.
Evans and Wardlaw, JJ. concurred.
Butler, J.
I acquiesce in this opinion, because the question has been settled by previous adjudications.